# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-15

**Caption [use short title]**

**Motion for:** Motion to supplement the record on appeal

Set forth below precise, complete statement of relief sought:

Appellant, Do No Harm, seeks to supplement the record on appeal with two additional declarations.

Do No Harm v. Pfizer Inc.

**MOVING PARTY:** Do No Harm
**OPPOSING PARTY:** Pfizer, Inc.

[✔] Plaintiff  [ ] Defendant
[✔] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Cameron T. Norris
**OPPOSING ATTORNEY:** Jeannie S. Rhee

[name of attorney, with firm, address, phone number and e-mail]

Consovoy McCarthy PLLC
1600 Wilson Blvd, Suite 700, Arlington, VA 22209
(703) 243-9423 / cam@consovoymccarthy.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW, Washington DC 20006
(202) 223-7466 / jrhee@paulweiss.com

**Court- Judge/ Agency appealed from:** SDNY (Rochon, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed  [✔] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✔] No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Cameron T. Norris    **Date:** 3/10/2023    Service by: [✔] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 23-15

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

Do No Harm,
                *Plaintiff-Appellant*,

v.

Pfizer Inc.,
                *Defendant-Appellee*,

---

On Appeal from the United States District Court
for the Southern District of New York

---

**MEMORANDUM IN SUPPORT OF APPELLANT'S
MOTION FOR LEAVE TO SUPPLEMENT THE
RECORD ON APPEAL**

---

Do No Harm asks this Court to let it supplement the record with the attached declarations. Pfizer opposes.

1. Do No Harm is a nationwide membership organization whose members include many physicians, healthcare professionals, students, patients, and policymakers. JA9 ¶9.

2. On September 15, 2022, Do No Harm brought this lawsuit on behalf of its members, arguing that Pfizer's Breakthrough Fellowship unlawfully excludes white and Asian applicants. *See* ¶¶6-8; *see Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). As alleged in the complaint, Do No Harm has members who want to apply for Pfizer's fellowship but are ineligible based on their race. ¶¶49, 70.

3. Students can apply to the fellowship only during their junior year in college. *See* JA12 ¶42. In total, Pfizer will select five classes of fellows: 2021, 2022, 2023, 2024, and 2025. *See* JA13 ¶46.

4. Do No Harm filed this lawsuit soon after the application window for the 2023 class of fellows was set to open in August 2022. JA14 ¶48; JA48. Do No Harm quickly moved for a temporary restraining order preliminary injunction. JA2. It withdrew the TRO after Pfizer promised not to open the application process for the 2023 class until January 2023. *See* JA99.

5. In support of its preliminary-injunction motion, Do No Harm submitted declarations from Members A and Member B—college juniors who are members of Do No Harm. JA36-JA41. Their declarations explained that they were able and ready to apply to the 2023 class once Pfizer stops discriminating. *See* JA36-JA41.

6. The district court denied Do No Harm's motion in December 2022 and sua sponte dismissed the case. *See* JA134.

1

7. Do No Harm appealed and moved to expedite. *See* JA135; Doc. 24. This Court denied that motion but said the appeal would receive "standard expedited briefing." Doc. 35. On January 3, this Court made Do No Harm's opening brief due today, March 10. Doc. 36.

8. Over a month later, Pfizer opened the application window for the 2023 class. It opened on February 15 and closed on March 1. Pfizer, *Breakthrough Fellowship Program* (archived on Feb. 15, 2023), perma.cc/8G4Z-EFT9. Pfizer has not said when it will choose fellows. Whatever fellows it chooses for the 2023 class will start their fellowship this summer. JA12 ¶34.

9. Though Pfizer hasn't raised the argument yet, Do No Harm suspects that at some point while this appeal is pending Pfizer will argue mootness. Specifically, Pfizer might argue that Members A and B can no longer apply for the 2023 class, either because the application window has closed or because, while this appeal is pending, selections will be made or the fellowship will start. This Court could also raise the issue sua sponte.

10. If Pfizer makes that argument, it will be wrong for numerous reasons.

11. One key reason is that Do No Harm has another member, Member C, who is able and ready to apply for the 2024 class. Member C will be a junior when the application window opens for 2024, is able and ready to apply, and meets all the criteria except he is Asian.

12. Do No Harm thus seeks leave to supplement the record with a declaration from Member C and the second supplemental declaration from its director, Kristina Rasmussen. Both declarations are attached.

13. This Court should grant Do No Harm's motion.

14. Parties can file declarations on appeal, *see* Fed. R. App. P. 10(e); *Salinger v. Randon House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987); *Vidal v. S. Am. Sec. Co.*, 276 F. 855, 874 (2d Cir. 1921), especially to show that events occurring after the appeal was filed have not mooted the case. *See, e.g.*, *Parents Involved Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718-19 (2007) (association filed supplemental declaration showing it had new members with standing after the original ones aged out); Order (Jan. 10, 2023), *Speech First, Inc. v. Sands*, No. 21-2061 (4th Cir.) (same); *Toth v. City of N.Y. Dep't of Educ.*, 720 F. App'x 48, 51 (2d Cir. 2018) (granting leave to supplement the record on appeal and holding that the case is "no longer moot" in light of the supplemental material).

15. The supplemental declarations alone defeat any suggestion that this appeal will be moot when the 2023 application cycle ends. Even if that logic worked, Member C's declaration proves that the case remains live because he wants to apply for the *2024* class—an application window that won't close for at least another year.

\*   \*   \*

For all these reasons, this Court should grant Do No Harm's motion for leave to supplement the record on appeal.

3

Dated: March 10, 2023          Respectfully submitted,

                                        */s/ Cameron T. Norris*
                                        Thomas R. McCarthy
                                        Cameron T. Norris
                                        Frank H. Chang
                                        C'Zar Bernstein
                                        CONSOVOY MCCARTHY PLLC
                                        1600 Wilson Blvd., Ste. 700
                                        Arlington, VA 22209
                                        (703) 243-9423
                                        tom@consovoymccarthy.com
                                        cam@consovoymccarthy.com
                                        frank@consovoymccarthy.com
                                        czar@consovoymccarthy.com

                                        *Counsel for Appellant Do No Harm*

**CERTIFICATE OF SERVICE**

I filed this memorandum via ECF, which will electronically notify all counsel of record.

Dated: March 10, 2023          */s/ Cameron T. Norris*

                                        Counsel for Do No Harm