

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**RE:** *Do No Harm v. Pfizer Inc.*, No. 23-15 –
Rule 28(j) Supplemental Authority

Dear Ms. O'Hagan Wolfe:

The Supreme Court's recent decision in *SFFA v. Harvard*, 2023 WL 4239254 (June 29), supports Do No Harm in three ways.

***First***, an association needn't reveal members' legal names in the complaint. Blue-Br.26-35. The association in *SFFA* had standing "when it filed suit." 2023 WL 4239254, at *9. Yet when it filed suit, its complaints identified members only with pseudonyms. *See* Harv.-Compl. (Doc. 1) ¶15, No. 1:14-cv-14176 (D. Mass.) ("Applicant"); UNC-Compl. (Doc. 1) ¶13, No. 1:14-cv-954 (M.D.N.C.) ("Applicant"). The defendants didn't learn the members' real names until years later in discovery, and the public *never* learned them. *See* 2023 WL 3126414, at *6 n.4 (D. Mass. Apr. 27); 2018 WL 4688388, at *6-7 (M.D.N.C. Sept. 29). This case should have played out the same way. Gray-Br.15-16.

***Second***, associations can defeat mootness by introducing new members with standing on appeal. Gray-Br.2-4. *SFFA* was filed in 2014—almost a decade before the Supreme Court's decision. The respondents there suggested mootness because the association's original members had all aged out. *See* Harv.Supp.Br.10, perma.cc/2Q3N-EZ5N; UNC-BIO.38, perma.cc/QG6G-C4ZA. In response, the association told the Supreme Court that it had new members with standing. Supp.Reply-Br.5, perma.cc/23AR-ALTT; Reply-Br.6, perma.cc/R9G2-KJJR. The Supreme Court reached the merits without mentioning mootness. It did not "remand" or fault the association for failing to prebut this mootness problem below. *Cf.* Red-Br.47-49.

***Finally***, associations can sue under statutes like §1981. Blue Br.45-47; Gray Br.19-21. The association in *SFFA* had standing—and meritorious claims—under "'Title VI" and "the Equal Protection Clause" (*i.e.*, §1983). 2023 WL 4239254, at *8; *see* UNC-Compl. 2. *SFFA* thus adds to the "'raft of Supreme Court precedent' letting associations sue under §1983." Blue-Br.42,46; Gray-Br.21. And by letting the association sue under Title VI too, *SFFA* proves why incorrect precedents like *Aguayo* should not be extended to other statutes that protect "personal" rights. *Cf.* Red-Br.53, 60; *see Monroe v. Columbia Coll. Chicago*, 990 F.3d 1098, 1100 (7th Cir. 2021) ("Title VI … seeks to vindicate personal rights.").

1

Dated: July 17, 2023  Respectfully submitted,

/s/ *Cameron T. Norris*
Thomas R. McCarthy
Cameron T. Norris
Frank H. Chang
C'Zar Bernstein
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 326 words.

Dated: July 17, 2023  /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: July 17, 2023  /s/ *Cameron T. Norris*