

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**RE:** *Do No Harm v. Pfizer Inc.*, **No. 23-15 –
Rule 28(j) Supplemental Authority**

Dear Ms. O'Hagan Wolfe:

Pfizer argues that, even when associations identify specific members and explain why they have standing, associations lack associational standing if they refer to those members with pseudonyms. Red-Br.18-26. Pfizer claims that *Summers* and "[n]umerous courts of appeals" agree, including the Eleventh Circuit in *Georgia Republican Party*. Red-Br.19-21. Do No Harm responds that *none* of those cases involve pseudonyms but, instead, involve associations who identified no specific member who currently has standing. Since the briefing closed, Do No Harm has highlighted four decisions that found associational standing for pseudonymous members. Now there's a fifth: *American Alliance for Equal Rights v. Fearless Fund Mgmt.*, 2023 WL 6295121 (N.D. Ga. 2023) (Op.).

Though Pfizer might claim that *Fearless* is "irrelevant" based on some trivial factual distinction, CA2-Doc.96, the facts are identical. *Fearless* involved an association, seeking a preliminary injunction, under §1981, against a program that excludes certain races, on behalf of pseudonymous members "A, B, and C." Op.2. The defendant likewise argued that associations lack standing unless they "specifically identify [their] injured members by name." Op.2.

*Fearless* rejected that argument as a matter of law. "Eleventh Circuit precedent" holds that no naming is required before "'discovery,'" including "at the preliminary injunction stage." Op.2. "*Summers* does not require that the Plaintiff name its injured members by name either"; it simply "reject[s] the notion of 'probabilistic standing.'" Op.3. And *Georgia Republican Party* turned on the fact that the association identified no specific member "that the proposed rule would … injure." Op.3. Courts "fac[e] no such problem" when an association points to three specific (but pseudonymous) members and explains why they have standing. Op.3.

Pfizer might complain that this letter is Do No Harm's "fifth"; but *Pfizer* is the one arguing that the district court's pseudonymity ruling is not an outlier, stressing the one other case that reached a similar conclusion. Red Br. 8-9 n.1. It's not Do No Harm's fault that *five courts* have rejected this view since briefing closed. Their decisions should aid the Court and put the district court's ruling in perspective.

Dated: September 29, 2023         Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy
Cameron T. Norris
Frank H. Chang
C'Zar Bernstein
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 339 words.

Dated: September 29, 2023         */s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: September 29, 2023         */s/ Cameron T. Norris*