

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**RE:** *Do No Harm v. Pfizer Inc.*, **No. 23-15 –
Rule 28(j) Supplemental Authority**

Dear Ms. O'Hagan Wolfe:

  Do No Harm appealed the sua sponte dismissal of its complaint, not the denial of its preliminary-injunction motion. Blue-Br.2. Do No Harm argues that, at the preliminary-injunction stage, courts ask whether the plaintiff is "likely" to have standing. Blue-Br.30; Gray-Br.9-11. So if the plaintiff fails to show a likelihood of standing, then the court should deny the preliminary-injunction motion, not dismiss the entire case. At least three circuits agree. *See* Pet.13-14.

  The Supreme Court now agrees too. In *Murthy v. Missouri*, 603 U.S. \_\_\_\_ (June 26, 2024), the Court held that "[a]t the preliminary injunction stage," the question is whether the plaintiff is "'likely' to establish each element of standing." Op.10. The Court stressed this point several times. *E.g.*, Op.22 ("At the preliminary injunction stage, the plaintiffs must show that they are likely to succeed in carrying that burden."); Op.17 ("burden of proof at the preliminary injunction stage" is "*likely* traceable"); Op.27 n.11 (plaintiffs lost because traceability was "*unlikely*"). The Court rejected the notion that the plaintiffs needed to meet "a 'certainty' standard'" at the preliminary-injunction stage, Op.27 n.11, even though the parties there (unlike here) had engaged in "extensive discovery," Op.6. Most tellingly, after the Court found that the plaintiffs "failed to establish a likelihood of standing," it didn't remand with instructions to dismiss their complaint; it reversed the grant of the preliminary injunction and "remanded the case for further proceedings." Op.28-29.

  The panel here said and did the opposite. According to the panel, once a party moves for a preliminary injunction, the "operative question" becomes "whether the plaintiff *had standing*," not whether it had "*a substantial likelihood* of establishing standing." *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024). That now-overruled reasoning was the sole basis for this Court's decision to affirm the dismissal of Do No Harm's complaint. *See id.* at 119-21.

  After *Murthy*, the panel's affirmance can no longer stand. This Court should vacate the panel's opinion. The district court's dismissal of the complaint should be vacated in light of *Murthy*, and this case should be remanded for further proceedings.

Dated: June 26, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Cameron T. Norris*
　　　　　　　　　　　　　　　　　　　　Thomas R. McCarthy
　　　　　　　　　　　　　　　　　　　　Cameron T. Norris
　　　	　　　　　　　　　　　　　　　　Frank H. Chang
　　　　　　　　　　　　　　　　　　　　C'Zar Bernstein
　　　　　　　　　　　　　　　　　　　　CONSOVOY MCCARTHY PLLC
　　　　　　　　　　　　　　　　　　　　1600 Wilson Blvd., Ste. 700
　　　　　　　　　　　　　　　　　　　　Arlington, VA 22209
　　　　　　　　　　　　　　　　　　　　(703) 243-9423
　　　　　　　　　　　　　　　　　　　　cam@consovoymccarthy.com

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 348 words.

Dated: June 26, 2024　　　　　　　　　　　　　　　　*/s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: June 26, 2024　　　　　　　　　　　　　　　　*/s/ Cameron T. Norris*