# 23-15

## United States Court of Appeals for the Second Circuit

Do No Harm,
                              *Plaintiff-Appellant*,

v.

Pfizer Inc.,
                              *Defendant-Appellee*.

On Appeal from the United States District Court for the
Southern District of New York, No. 1:22-cv-7908 (Rochon, J.)

───────────────────────

**PLAINTIFF-APPELLANT DO NO HARM'S REPLY IN SUPPORT OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

───────────────────────

Thomas R. McCarthy
Cameron T. Norris
Frank H. Chang
C'Zar Bernstein
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Ste. 700
Arlington, VA 22201
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Do No Harm*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii
Introduction ............................................................................................................ 1
Argument ................................................................................................................ 2
    I.     The circuit split created by the panel's opinion is now 3-1. .............................. 2
    II.    The panel's judgment is now bad law under *Murthy* ........................................ 5
    III.   Rehearing remains vitally important. ............................................................... 7
Conclusion .............................................................................................................. 8
Certificate of Compliance ..................................................................................... 10
Certificate of Service ............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Murthy v. Missouri*,
    2024 WL 3165801 (U.S.) ....................................................................... 1, 6, 7, 8

*AAER v. Fearless Fund*,
    103 F.4th 765 (11th Cir. 2024) ............................................................... 1, 2, 3, 4

*B.R. v. F.C.S.B.*,
    17 F.4th 485 (4th Cir. 2021) ............................................................................ 2, 3

*Bldg. & Constr. Trades Council v. Downtown Dev.*,
    448 F.3d 138 (2d Cir. 2006) ................................................................................ 6

*FHHC v. Town of Huntington*,
    316 F.3d 138 (2d Cir. 2003) ................................................................................ 5

*Advocates for Highway & Auto Safety v. F.M.C.S.A.*,
    41 F.4th 586 (D.C. Cir. 2022) ......................................................................... 2, 4

*Speech First, Inc. v. Shrum*,
    92 F.4th 947 (10th Cir. 2024) ........................................................................ 2, 3, 4

**Other Authorities**

*Corporate Diversity Programs Could Be Headed Toward the Supreme Court*, Axios (June 6, 2024), bit.ly/4cKoXrT ........................................................................... 3

*DEI Task Force Update*, Gibson Dunn (June 5, 2024), bit.ly/4cKnnXd ......................... 3

*US Appellate Courts Split on Threshold for Lawsuits Challenging Diversity Programs*, Reuters (June 4, 2024), bit.ly/3W8W5o0 ................................................. 3

# INTRODUCTION

The panel's opinion needed rehearing when DNH filed its petition in March; since then, any case for letting that opinion stand has vanished. On June 3, the Eleventh Circuit made stark the circuit split, holding—in an identical posture, while rejecting this Court's decision by name—that an association's use of pseudonyms does not affect standing. *AAER v. Fearless Fund*, 103 F.4th 765, 772-73 (11th Cir. 2024). Then on June 26, the Supreme Court decided *Murthy v. Missouri*, endorsing DNH's argument that a plaintiff seeking a preliminary injunction need only prove "likely" standing. 2024 WL 3165801, at *8 (U.S.). That ruling abrogates the panel's sole reasoning for affirming the dismissal of DNH's complaint.

Pfizer's opposition proves the need for rehearing. It says this Court splits with other circuits not on anonymity but on the standard for proving standing at the summary-judgment stage. *See* Opp. (CA2.Doc.208) 11-12. But that's neither a reason to *deny* en banc review nor true after *Murthy* endorsed the other circuits' view. Pfizer also stresses *other* reasons why DNH should lose: a standing argument that only the concurrence agreed with, and a mootness argument that Pfizer never proved. *See* Opp.16-17. Yet that's no reason to let the panel's ruling on anonymity stand—a ruling that creates a 3-1 circuit split, that's already bad law under *Murthy*, and that needlessly undermines associations who represent unpopular members or causes.

1

## ARGUMENT

### I. The circuit split created by the panel's opinion is now 3-1.

DNH already explained how the panel's opinion splits with the Tenth Circuit's decision in *Speech First v. Shrum* and the D.C. Circuit's decision in *Advocates for Highway & Safety v. FMSCA*. Pet. (CA2.Doc.129-1) 12-13. The Eleventh Circuit recently decided *Fearless*, which rejects this Court's decision (by name), and joins the other circuits.

*Fearless* is indistinguishable. That association also challenged a race-based program under §1981, sought a preliminary injunction, moved on behalf of pseudonymous members, and submitted similar declarations proving they were "able and ready" to apply. 103 F.4th at 773. The association did not reveal its members' real names, even to the court. When the defendant repeated Pfizer's argument that *Summers* defeats standing, the Eleventh Circuit disagreed. This argument "overread[s] *Summers*" and similar cases, which don't have "anything to do with anonymity or pseudonymity" and did not "purpor[t] to impose a naming requirement." *Id.* at 773. This argument also contradicts "the available precedent" and makes little "sense" as "a first-principles matter." *Id.* Even the dissent "agree[d] with the Majority Opinion" on anonymity. *Id.* at 787 n.3 (Rosenbaum, J., dissenting).

Pfizer's denial of the circuit split is bizarre. The Eleventh Circuit *said* it was splitting with this Court, negatively citing the panel's opinion. *See* 103 F.4th at 773. The Eleventh Circuit also said it was joining "at least two of our sister circuits," citing the Tenth Circuit's decision in *Shrum* and the Fourth Circuit's decision in *B.R. v. F.C.S.B.*,

2

17 F.4th 485 (4th Cir. 2021). 103 F.4th at 773. Judge Wesley identified the split too. *See* Concur.6-7 (citing the Tenth, D.C., and Ninth Circuits). And many commentators recognize the clear "split" that this Court created. *US Appellate Courts Split on Threshold for Lawsuits Challenging Diversity Programs*, Reuters (June 4, 2024), bit.ly/3W8W5o0; *accord Corporate Diversity Programs Could Be Headed Toward the Supreme Court*, Axios (June 6, 2024), bit.ly/4cKoXrT ("there is now a 'circuit split'"); *DEI Task Force Update*, Gibson Dunn (June 5, 2024), bit.ly/4cKnnXd ("[T]he court [in *Fearless*] recognized that it had split with the Second Circuit's decision in *Do No Harm*").

Pfizer seems to concede a circuit split—but over the standard for proving standing at the preliminary-injunction stage, not on whether associations can lose standing if their members are anonymous. Opp.11-12. This argument has at least three problems.

**1.** It's not true. The key error in the panel's opinion—and the key holding of the other circuits—is that anonymity *does not concern* Article III standing. This Court said that pseudonymity implicates not just "procedural rules" like Rule 10(a), but also Article III standing. Op.23 & n.6. The Eleventh Circuit held that pseudonymity is grounded *only* in those rules, that those rules aren't violated when an association's members are pseudonymous, and that there's "no persuasive reason to think" Article III "concerns itself" with names. *Fearless*, 103 F.4th at 773 & n.3. This Court also said that *Summers* and the cases applying it "confir[m its] view." Op.20. The Tenth and Eleventh Circuits said those cases have nothing to do with pseudonyms. *See Shrum*, 92 F.4th at 951-52; *Fearless*, 103 F.4th at 773. And those circuits cited "generations of precedent" that

3

disprove a link between anonymity and standing. *Shrum*, 92 F.4th at 952, 950-51; *Fearless*, 103 F.4th at 773. In short, the split here is over the meaning of Article III—a pure, and important, question of law.

Pfizer struggles with *Highway Safety*, where the D.C. Circuit found standing for an association whose members were anonymous (even to the court) under the summary-judgment standard—the same standard the panel applied here. Pet.13. Pfizer says anonymity was okay in *Highway Safety* because the "'record'" was sufficient to assess whether the association's members had standing. Opp.10. Exactly. Standing turns on the evidence regarding injury, causation, and redressability—not on any rule against keeping members' names anonymous at the summary-judgment stage. But under the panel's opinion, the association in *Highway Safety* would be thrown out for violating "the rule requiring an associational plaintiff to name at least one injured member." Op.19. Because the members' real names weren't disclosed, this Court would have deemed their injuries not "genuin[e]" or "sincer[e]." Op.21-22. That geographic arbitrariness requires rehearing.

**2.** Nor is Pfizer's argument a reason to deny rehearing. Whether the split is over anonymity or the standard of proof on a preliminary injunction—there's still a split. Pfizer says the Tenth and Eleventh Circuits treat the preliminary-injunction stage like the pleading stage, while this Court treats it like summary judgment. Opp.11-12. (Here Pfizer stops talking about *Highway Safety*, which the D.C. Circuit decided *under* the summary-judgment standard. Pet.13.) But this Court's precedent, too, treats the standard

4

for proving standing on a pre-discovery motion for a preliminary injunction as "analogous to that applied to a motion to dismiss." *FHHC v. Town of Huntington*, 316 F.3d 138, 144-45 (2d Cir. 2003).

So while trading one circuit split for another, Pfizer would leave this Court's precedent split internally. Pfizer says *Huntington* is distinguishable because it dealt with "statutory standing." Oppn.8. But *Huntington* explicitly analyzed "Article III standing." 316 F.3d at 361-62. This intracircuit conflict will confuse litigants and lower courts if left unresolved. Pet.14.

**3.** Pfizer's attempt to blame the circuit split on differing standards of proof also misses *Murthy*, which agrees with DNH on the standard for proving standing at the preliminary-injunction stage. So now the panel's opinion splits with other circuits on anonymity alone, necessitating rehearing.

## II. The panel's judgment is now bad law under *Murthy*.

DNH appealed only the sua sponte dismissal of its case, not the denial of its preliminary-injunction motion. *See* Blue-Br. (CA2.Doc.40) 2. DNH argued that the question at the preliminary-injunction stage is whether the plaintiff "likely" has standing; so a court that finds no standing should deny the preliminary-injunction motion, not dismiss the entire case, unless the plaintiff also lacks standing under the pleading standard. *See* Blue-Br.20; Gray-Br. (CA2.Doc.67) 9-10. The D.C., Fifth, and Sixth Circuits agree. *See* Pet.13-14.

5

The panel disagreed. It said that, once a party moves for a preliminary injunction, the "operative question" becomes "whether the plaintiff *had standing*," not whether it had "*a substantial likelihood* of establishing standing." Op.30. The panel acknowledged that it was splitting with at least the D.C. Circuit on this point. Op.28-30. And this point was the *only* reason it had for affirming the dismissal of Do No Harm's complaint. This Court did not disturb, after all, its prior precedent holding that associations need not name names at the pleading stage. *See* Op.18 (citing *Bldg. & Constr. Trades Council v. Downtown Dev.*, 448 F.3d 138 (2d Cir. 2006)).

*Murthy* marks the first time that the Supreme Court has squarely weighed in on the standard for proving standing at the preliminary-injunction stage, and it abrogates the panel's reasoning. "At the preliminary injunction stage," the question is now definitively whether the plaintiff is "'likely' to establish each element of standing." 2024 WL 3165801, at *8 (June 26). *Murthy* stressed this point several times. *E.g.*, *id.* at *13 ("At the preliminary injunction stage, the plaintiffs must show that they are likely to succeed in carrying that burden."); *id.* at *11 ("burden of proof at the preliminary injunction stage" is "*likely* traceable"). The Court rejected the notion that the plaintiffs needed to meet "a 'certainty' standard'" at the preliminary-injunction stage. *Id.* at *16 n.11. And although the plaintiffs "failed to establish a likelihood of standing," the Court didn't remand with instructions to dismiss their complaint. *Id.* at *17. It simply reversed the grant of the preliminary injunction and "remanded the case for further proceedings." *Id.*

6

Pfizer downplays the fact that *Murthy* remanded, instead of instructing the lower courts to dismiss the complaint, Opp.7 n.1; but Pfizer misses the point. It doesn't dispute that the Supreme Court's *opinion* holds that the question on a preliminary-injunction motion is whether the plaintiff "likely" has standing. Nor does it dispute that *Murthy* makes the panel's judgment here no longer correct. So this Court's opinion is already bad law, whether the case is reheard or not. This Court should vacate it and then vacate the district court's dismissal of DNH's complaint, lest district courts and litigants in this circuit be confused going forward.

### III. Rehearing remains vitally important.

The panel's opinion not only splits with all these authorities, but it unduly hinders the ability of associations to vindicate the rights of their members. *See* Pet.14-15; Speech-First-Br. (CA2.Doc.176); PLF-Br. (CA2.Doc.178); Manhattan-Inst.-Br. (CA2.Doc.179); AAER-Br. (CA2.Doc.180). Pfizer tries to turn the panel's opinion into a one-ride-only ticket, suggesting that the problem was DNH's supposed refusal to honor the district court's supposed "reques[t] that DNH identify Members A and B by name" *in camera*. Opp.3. The district court made no such request.[1] And though it certainly would lessen the damage, the panel's opinion never holds that associations can simply provide their members' names to the court *in camera*. If that's now the rule, what

---

[1] On a scheduling call, the district court asked for briefing on whether it could consider anonymous declarations—that's it. *See* CA2.Doc.50 at 20-21 ("I see that Member A and B are providing unsigned, anonymous declarations…[W]hen you file your reply brief, can you give me some precedent for considering something like that.").

7

are associations supposed to do? Affirmatively request *in camera* review, even when the other side hasn't requested the members' names? File a motion to use pseudonyms at the outset of the case—like pseudonymous plaintiffs do under Rule 10(a)—even though the panel suggests its rule does not apply at the pleading stage? The panel's opinion doesn't say. But by rejecting DNH's standing because it failed to use this still-unknown procedure, the opinion creates a trap for future associations.

Pfizer insists that this case is not rehearing-worthy because DNH should lose on *other* grounds: either its declarations aren't detailed enough, Opp.6, 15; or the case is moot, Opp.12. The panel majority didn't accept those arguments. And those arguments are not reasons to leave its anonymity holding in place. They are, at best, concessions that this case should be reheard. And they are, at worst, reasons for this Court to vacate the panel's opinion, vacate the district court's dismissal in light of *Murthy*, and remand for the district court to consider Pfizer's new mootness arguments.

## CONCLUSION

This Court should grant rehearing.

Dated: July 11, 2024						Respectfully submitted,

							*/s/ Cameron T. Norris*
							Thomas R. McCarthy
							Cameron T. Norris
							Frank H. Chang
							C'Zar Bernstein
							CONSOVOY MCCARTHY PLLC
							1600 Wilson Boulevard, Ste. 700
							Arlington, VA 22201
							(703) 243-9423
							cam@consovoymccarthy.com

							*Counsel for Do No Harm*

## CERTIFICATE OF COMPLIANCE

This reply contains 1950 words, excluding the parts that can be excluded. This petition also complies with Rule 32(a)(5)-(6) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: July 11, 2024 /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I filed this reply on the Court's electronic filing system, which will email everyone requiring notice.

Dated: July 11, 2024 /s/ *Cameron T. Norris*