23-15
*Do No Harm v. Pfizer Inc.*

WESLEY, *Circuit Judge*, dissenting:

In our prior opinions in this case, my colleagues and I reached different conclusions as to why Do No Harm lacked standing on its motion for a preliminary injunction. *Compare Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 115–19 (2d Cir. 2024) (no standing because Members A and B were not identified by name), *with id.* at 126–29 (Wesley, J., concurring) (no standing because Members A and B did not show they were "ready" to apply to the Breakthrough Fellowship). However, we did agree on two points: first, that Do No Harm had to prove standing on that motion under the evidentiary burden applicable at summary judgment, *see Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011); and second, that the district court properly dismissed the case after concluding that Do No Harm did not meet that burden.

Although we still agree on the first point, the majority today reverses course on the second. The majority revisits *Obama v. Klayman*, 800 F.3d 559 (D.C. Cir. 2015), and now reasons that dismissing a case for lack of standing "would be premature" if a plaintiff has not "muster[ed] sufficient evidence to establish standing for a preliminary injunction" but has adequately alleged standing in its complaint. Maj. Op. at 23–24. And because it reads the district court's decision to dismiss the case as turning on "the quantity and quality" of the evidence

marshaled in support of Do No Harm's preliminary injunction motion, the majority concludes that the district court erred by dismissing the case without considering whether Do No Harm's complaint was sufficient under the pleading standard. *Id.* at 25–26.

I see no need to debate the majority's new jurisdictional course for, as I suggested before, Do No Harm failed to meet the pleading standard too. Do No Harm lacked standing under the standard applicable for a preliminary injunction because the declarations submitted by Members A and B did not establish that either was ready to apply to the Fellowship. Those declarations were equally inadequate under the pleading standard: Members A and B offered only sparse, conclusory assertions that they were ready to apply to a program that would shape at least the next five years of their lives, and perhaps the better part of their early careers.[1] *See Do No Harm*, 96 F.4th at 128–29 (Wesley, *J.*, concurring). Without alleging some further indicia of action that could demonstrate their concrete plans to apply to the Fellowship, Do No Harm failed to establish actual or imminent injuries to Members A and B. *See FASORP v. New York Univ.*, 11 F.4th 68, 76–77

---

[1] Do No Harm's complaint and Member A's and Member B's declarations contain similar allegations and statements about the members' readiness to apply to the Fellowship. Accordingly, it makes no difference whether Do No Harm's complaint, its members' declarations, or both are assessed under the pleading standard.

(2d Cir. 2021) (no standing at the pleading stage for association challenging university's allegedly discriminatory programs, where association's members provided no "description of concrete plans to apply for employment, submit an article, or of having submitted an article, that will or has been accepted for publication" (internal quotation marks and citation omitted)); *MGM Resorts Int'l Glob. Gaming Dev., LLC v. Malloy*, 861 F.3d 40, 47 (2d Cir. 2017) (same, for casino developer that claimed to be "interested" in developing a casino and had "made initial studies of the viability of a casino" but had "not alleged any concrete plans to enter into a development agreement with a Connecticut municipality, or demonstrated any serious attempts at negotiation").[2]

I therefore remain of the view that the district court properly dismissed this case for lack of subject matter jurisdiction. The majority resists this conclusion—indeed, resists applying its new framework for analyzing standing altogether—and instead remands so that the district court can assess Do No Harm's complaint

---

[2] The majority suggests that dismissing a case for lack of standing at the pleading stage is permissible when a plaintiff's "theory of standing" is "legal[ly] deficien[t]." Maj. Op. at 5. That makes sense to me. But even a plaintiff with a legally viable "theory of standing" must "clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (alterations, internal quotation marks, and citation omitted). Do No Harm did not do so here.

3

under the pleading standard. Given my view that Do No Harm failed to adequately allege standing, I would not ask any more of the district court here.